**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Jessica Miles, Michael D. Lollis, and Ronald Bennett,
Sr., Defendants,

Of whom Ronald Bennett, Sr., is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2017-000422

———————————

Appeal From York County
Ronald R. Norton, Family Court Judge

———————————

Unpublished Opinion No. 2017-UP-351
Submitted August 15, 2017 – Filed August 31, 2017

———————————

**REVERSED AND REMANDED**

———————————

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

R. Chadwick Smith, of the Department of Social
Services, of Rock Hill, for Respondent.

Rebecca T. McNerney, of The Law Office of Rebecca McNerney PLLC, of Charlotte, North Carolina, for the Guardian ad Litem.

---

**PER CURIAM:**  Ronald Bennett (Father) appeals the family court's removal order, arguing the court erred by finding he physically neglected his minor son (Child) because Father tested positive for cocaine and marijuana.  We reverse and remand.

"In appeals from the family court, an appellate court reviews factual and legal issues de novo."  *S.C. Dep't of Soc. Servs. v. Jennifer M.*, 404 S.C. 269, 276, 744 S.E.2d 591, 595 (Ct. App. 2013).

In a June 2016 ex parte removal order, the family court removed Child from the home of Jessica Miles (Mother) due to reports of drug use and domestic violence occurring in the presence of Child and his half-sibling.  The family court also found Father tested positive for cocaine and marijuana, and Mother and Father both violated an agreement with the Department of Social Services (DSS) requiring supervised contact with the children.  At an October 2016 contested hearing, a DSS case worker read from DSS's ex parte removal complaint, which alleged Father tested positive for cocaine and marijuana in May 2016.  The case worker also stated Father tested positive for cocaine in June, July, and August 2016.

In January 2017, the family court entered a merits removal order in which it found by a preponderance of the evidence Father physically neglected Child.  The family court based its finding on (1) the May 2016 positive drug test, (2) Father's testimony at the hearing that his positive test results were caused by an antibiotic his physician prescribed, and (3) Father's assertion of his Fifth Amendment privilege when asked about his drug use, which the family court drew an adverse inference from.  The family court found placing Child in Father's home would put him at an unreasonable risk of harm, granted DSS custody of Child, and ordered Father to complete a placement plan, undergo a substance abuse assessment, and follow all resulting recommendations.

On appeal, Father argues no evidence shows he harmed Child as defined by section 63-7-20 of the South Carolina Code (Supp. 2016).  We agree.  The evidence does not support the family court's finding that Father physically neglected Child.  Although Father tested positive for drugs, no evidence was presented indicating he

used drugs in Child's presence or otherwise "engage[d] in acts or omissions which present[ed] a substantial risk of physical . . . injury to [Child]."  § 63-7-20(6)(a); *see also* § 63-7-20(20) ("'Physical injury' means death or permanent or temporary disfigurement or impairment of any bodily organ or function.").  Child was not removed from Father's care and custody.  Instead, at the time of removal, Child lived with Mother and her paramour.  While we agree with the learned family court judge that Father's drug use precluded him from being an appropriate candidate for placement or custody, the complaint did not allege any abuse or neglect by Father that caused Child's removal from Mother's home.  Accordingly, we reverse the finding that Father physically neglected Child, and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.